**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 17 2001**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LISA T. KENNEDY,

       Plaintiff - Appellee,

v.

CLEMENCE LUBAR,

       Defendant - Appellant.

No. 00-1507

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 00-M-2301)**

---

Andrew W. Volin, Sherman & Howard, Denver, Colorado (Raymond M. Deeny, Sherman & Howard, Colorado Springs, Colorado, with him on the briefs), for Defendant-Appellant.

Curtis L. Kennedy, Denver, Colorado, for Plaintiff-Appellee.

---

Before **TACHA** , Chief Circuit Judge, and **McKAY** and **ANDERSON** , Circuit Judges.

---

**ANDERSON** , Circuit Judge.

Plaintiff-Appellee Lisa T. Kennedy brought suit against Defendant-Appellant Clemence Lubar in Colorado state court, asserting state common law claims for "[t]ortious [i]nterference with [e]mployment [r]elations" and tortious interference with "[p]rospective [e]mployment [r]elations." Compl. at 14, App. to Br. of Def.-Appellant ("App.") at 17. Kennedy was employed as a part-time pharmacist in Store 100 of the King Soopers chain of grocery stores, and Lubar was her pharmacy manager. Kennedy alleges that Lubar engaged in intentional, malicious and willful misconduct which allegedly caused her termination from Store 100 and her inability to obtain subsequent employment at other King Soopers stores.

Lubar removed the case to the United States District Court for the District of Colorado based on her assertion that Kennedy's state law claims were pre-empted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), and that the federal district court therefore had original subject matter jurisdiction over Kennedy's claims. Notice of Removal at ¶¶ 4 and 8, App. at 23-24. Thereafter, Lubar filed a motion to dismiss Kennedy's state law claims, also on the basis of federal preemption under § 301. Mot. to Dismiss at ¶¶ 3 and 19, App. at 49 and 60.

Kennedy responded with a motion for remand, asserting that the federal district court lacked jurisdiction over her state law claims because they were not

pre-empted by § 301.  Mot. for Remand at 1 and 8, App. at 137 and 144.  The

district court agreed and remanded the case, stating as follows:

> The defendant filed a notice of removal on November 22, 2000,
> asserting that the claims are pre-empted by the Labor Management
> Relations Act, 29 U.S.C. § 185.  The plaintiff filed a motion for
> remand on November 28, 2000.  Upon careful review of the
> allegations of the complaint, it is clear that these are tort claims
> against an individual and not against the employer for a violation of
> any collective bargaining agreement or under any federal law.

Order of Remand at 1, App. at 146.

Thereafter, Lubar simultaneously filed a Petition for Writ of Mandamus and

a Notice of Appeal.  A two-judge panel of this court denied Lubar's Petition for

Writ of Mandamus, holding that although this court had jurisdiction to review the

district court's remand, the appropriate vehicle for redress was a direct appeal.      In

re Clemence Lubar  , No. 00-1504, Order at 2 (10th Cir. Jan. 18, 2001), App. at

173.  On appeal, Lubar asks this court to vacate the district court's Order of

Remand, and to instruct the district court to dismiss Kennedy's claims with

prejudice on the basis of federal pre-emption under § 301.  Br. of Def.-Appellant

at 30.  Although Lubar has made a very strong case for pre-emption, we must

nonetheless dismiss the appeal because 28 U.S.C. § 1447(d) absolutely precludes

us from reviewing the district court's Order of Remand.      [1]

---

[1]We note, however, that Lubar is free to raise her substantive pre-emption
defense in Colorado state court, and can re-file her 12(b)(6) motion to dismiss in
that forum.  See, e.g., Niehaus v. Greyhound Lines, Inc., 173 F.3d 1207, 1212
(continued...)

28 U.S.C. § 1447(d) states that, subject to certain exceptions not applicable here, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise. . . ." This strong statutory limitation on appellate review applies, however, only to remands based on 28 U.S.C. § 1447(c). Albertson's, Inc. v. Carrigan, 982 F.2d 1478, 1479-80 (10th Cir. 1993). See also Dalrymple v. Grand River Dam Auth., 145 F.3d 1180, 1184 (10th Cir. 1998). Section 1447(c) specifically allows district courts to order remand if there has been a "defect in removal procedure," or if it determines, at any time prior to final judgment, that it "lacks subject matter jurisdiction." If a district court orders remand on either of these grounds, § 1447(d) absolutely prohibits appellate review of the order, and we adhere firmly to this prohibition even where we believe that the district court was plainly incorrect. Archuleta v. Lacuesta, 131 F.3d 1359, 1363 (10th Cir. 1997).

In determining whether or not a district court remanded the case on the grounds provided in § 1447(c), "we must independently review the record to

---

[1](...continued)
(9th Cir. 1999) (recognizing that even though plaintiff's pre-emption claims were insufficient to invoke federal subject matter jurisdiction and avoid remand, defendant was not precluded from raising pre-emption as a substantive defense in state court proceedings); Lyons v. Alaska Teamsters Emp. Serv. Corp., 188 F.3d 1170, 1172 (9th Cir. 1999) (holding that although "determining jurisdiction will necessarily involve analyzing whether there is preemption of the plaintiff's claims. . ., the preemption determination made for purposes of determining jurisdiction has no bearing on whether the defendant can actually establish a substantive preemption defense").

determine the actual grounds upon which the district court believed it was empowered to remand." Dalrymple , 145 F.3d at 1184. "An explicit reference to § 1447(c) does not automatically render a remand order non-reviewable. . . . Nor does the absence of such a reference automatically confer appellate jurisdiction over a remand order." Id. (citation omitted). Thus, we must consider a district court's order of remand as a whole, reviewing it in its entirety and considering the motions and issues actually before the district court.

Applying these standards to the current case, it is clear that the district court's sole basis for ordering remand was its determination that it lacked subject matter jurisdiction over Kennedy's state law claims. Although the district court did not expressly use the term "subject matter jurisdiction" in its Order of Remand, the only fair reading of that order is that the district court's decision was based entirely on its determination that Kennedy's state tort claims were not pre-empted by § 301, and that, as such, there was no basis for the court to exercise jurisdiction over her lawsuit. The district court specifically found that Kennedy's claims against her supervisor, as an individual, did not allege "a violation of any collective bargaining agreement or under any federal law ." Order of Remand at 1, App. at 146 (emphasis added). Implicit in this finding is a determination that it lacked subject matter jurisdiction over Kennedy's claims. Moreover, Kennedy's motion for remand itself asserted that remand was required

only because the federal court lacked subject matter jurisdiction where her state law claims were not pre-empted by § 301. [2]

A complete and accurate reading of the Order of Remand and the record before us makes it perfectly clear that the district court's order

> clearly [did] not reflect the typical nonjurisdictional determination involving a discretionary remand of supplementary or pendent claims, venue, abstention, comity or the waiver of opportunity to challenge procedurally irregular removal. Instead, the order[] address[ed] key issues directly related to whether the district court could have exercised subject matter jurisdiction over the case[]–the presence of a federal question on the face of the plaintiffs' complaint[] and/or the presence of a federal question in the form of a colorable federal . . . defense.

Dalrymple , 145 F.3d at 1185. As such, we conclude that the district court's Order of Remand falls squarely within the provisions of § 1447(c), and that § 1447(d) precludes us from reviewing that order on appeal.

At oral argument, however, Lubar asserted that we should not apply the prohibitions of § 1447(d) in this case, arguing that principles of "law of the case" and waiver preclude us from dismissing her appeal. We address each of Lubar's contentions in turn.

---

[2]See Mot. for Remand at 1, App. at 137 (document entitled "MOTION FOR REMAND (Lack of Subject Matter Jurisdiction)," and asserting that the action was "wrongfully removed, as this federal court fully lacks subject matter jurisdiction to address any aspect of Plaintiff's state law claims"); id. at 8, App. at 144 (asserting that "Plaintiff did not file this case in federal court for the simple reason there is no federal court subject matter jurisdiction").

Lubar's first contention is that because the mandamus panel already addressed the discrete issue of appellate jurisdiction in this case, basic "law of the case" principles preclude us from revisiting it on appeal. Although we recognize that the mandamus panel already decided that we could exercise jurisdiction over Lubar's appeal, this decision was based entirely on its erroneous finding that the district court's remand order was not grounded in § 1447(c), [3] and we disagree with Lubar's position that "law of the case" principles prevent us from revisiting the jurisdictional question.

"'[T]he law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" McIlravy v. Kerr-McGee Coal Corp., 204 F.3d 1031, 1034 (10th Cir. 2000) (quoting United States v. Monsisvais, 946 F.2d 114, 115 (10th Cir. 1991)) (further quotations omitted). "Law of the case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit," 18 Wright, Miller &

---

[3]The mandamus panel's order denying states, in relevant part, as follows:

> The grounds provided by § 1447(c) are a defect in the removal procedure or lack of jurisdiction, neither of which was the district court's reason for its remand order in this case. Therefore, review is not barred [by § 1447(d)].

In re Clemence Lubar, No. 00-1504, Order at 2 (10th Cir. Jan. 18, 2001), App. at 173 (emphasis added).

Cooper, Federal Practice & Procedure: Jurisdiction § 4478, at 788 (1981) ("Wright & Miller").  Such rules are commonly applied to prevent an appellate court from revisiting or reconsidering "matters resolved on a prior appeal," and it is not uncommon for "appellate court . . . [to] adhere[] to prior rulings as the law of the case, at times despite substantial reservations as to the correctness of the ruling."  Id.

However, law of the case principles apply only to decisions on the actual merits.  Wilmer v. Board of Cty. Comm'rs, 69 F.3d 406, 409 (10th Cir. 1995) ("Law of the case principles do not bar a district court from acting unless an appellate decision has issued on the merits of the claim sought to be precluded.") (quotations omitted).  See also Wright & Miller § 4435, at 329.  Because orders denying a petition for mandamus are most frequently denied as a result of the special limitations inherent in the writ itself, and not on the merits, such denials are not ordinarily given "law of the case" effect, and the parties are not precluded from raising the issue in a subsequent appeal. [4]  United States v. Dean, 752 F.2d 535, 541 (11th Cir. 1985).  "Law of the case" principles are typically applied only to those mandamus decisions actually deciding the case on the merits, United States v. Holland, No. 94-5234, 1995 WL 539589 at *1 (10th Cir. Sept. 11, 1995) (holding that "an appellate court's denial of a mandamus petition will not

_____

[4]The court in Dean actually uses the term "res judicata," but it is nonetheless clear it is in fact applying "law of the case" principles.

-8-

preclude further consideration of the issue raised therein under res judicata or law of the case, unless the denial was on the merits"), [5] or to those discrete issues that were actually adjudicated by the mandamus panel. Wilmer, 69 F.3d at 410 n. 3 (recognizing that "jurisdictional questions, like other issues, must actually be decided, explicitly or implicitly, before law of the case may be invoked). See also Acree v. Air Line Pilots Ass'n, 390 F.2d 199, 203 (5th Cir. 1968) (holding that even non-merit based decisions are "conclusive" as to those "matters actually adjudged").

In any event, law of the case principles are not absolute. "Although courts are often eager to avoid reconsideration of questions once decided in the same proceeding, it is clear that all federal courts retain power to reconsider if they wish." Wright & Miller § 4478, at 789. We have routinely recognized that the law of the case doctrine is "discretionary, not mandatory," and that the rule "'merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit on their power.'" Stifel, Nicolaus & Co., v. Woolsey & Co., 81 F.3d 1540, 1544 (10th Cir. 1996) (quoting Messenger v. Anderson, 225 U.S. 436, 444 (1912) (Holmes, J.)). See also Pittsburg & Midway Coal Mining Co. v. Watchman, 52 F.3d 1531, 1536 n. 4 (10th Cir. 1995). Issues such as "subject matter jurisdiction" or "appellate jurisdiction" may be "particularly

_____

[5]See also Kirshner v. Uniden Corp. of Am., 842 F.2d 1074, 1078 (9th Cir. 1988); Dean, 752 F.2d at 541.

suitable for reconsideration," Wright & Miller § 4478, at 799 & n. 32, and our ability to revisit prior jurisdictional determinations is particularly strong where the prior panel's decision is found to be clearly erroneous or contrary to the clear mandate of the law.   Watchman , 52 F.3d at 1536 n. 4 (recognizing that "circumstances justifying a departure from law of the case are narrow," but noting that such departure is justified where the original decision was clearly erroneous) (quotation omitted).   [6]

Applying these basic "law of the case" principles, and in light of the strong legislative mandate absolutely precluding our review of remand orders issued on the grounds articulated in § 1447(c), we exercise our discretion to re-examine the mandamus panel's prior jurisdictional determination and revisit the jurisdictional question.  In doing so, we conclude that the mandamus panel's finding was clearly erroneous, and that the only reasonable reading of the district court's order is that it remanded the case   solely  because it found that Kennedy's claims were not pre-empted and that, as such, there was no federal subject matter jurisdiction.  We find absolutely no evidence in the record before us to support the mandamus panel's conclusion that the remand was based on considerations other than subject matter jurisdiction.  To the contrary, as indicated above, Kennedy's motion for

---

[6]See also Wright & Miller § 4478, at 790 & n. 5 ("Most recent decisions suggest that the major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.") (emphasis added).

remand asserted <u>only</u> arguments based on the district court's lack of federal

subject matter jurisdiction, and no other ground for remand was asserted or

considered below. [7] Indeed, the mandamus panel's order itself does not provide

any suggestion about what other grounds the district court may have had for its

remand order, [8] and no such grounds appear anywhere in the record. The

---

[7]In her Petition for Writ of Mandamus, Lubar asserted that appellate review was proper in spite of § 1447(d) because the district court failed to use a "'good faith' process" in making its remand determinations. Pet. for Writ of Mandamus at 7-8, App. at 157-58 (quoting <u>Archuleta</u>, 131 F.3d at 1362). This argument itself recognizes that the district court's decision was based entirely on its perception that it lacked subject matter jurisdiction over the case, since <u>Archuleta</u> itself involved a remand for lack of subject matter jurisdiction. Moreover, the argument is without merit and it appears that the mandamus panel did not accept or rely on it in making its jurisdictional determinations.

In <u>Archuleta</u>, we specifically held that § 1447(d) precludes us from reviewing a remand order where that order was based on a district court's finding that it lacked subject matter jurisdiction over the case, "even where the district court may have employed erroneous principles in concluding that remand [was] required." 131 F.3d at 1363. Although we recognized that § 1447(d) does not necessarily preclude us from exercising jurisdiction to review a remand order where the district court fails to act in "good faith," we also applied a very liberal and deferential standard of good faith, holding that a district court acts in "good faith" so long as its order is "based to a fair degree upon [its] finding that it lacked subject matter jurisdiction." <u>Id.</u> (quotation omitted). As already discussed, after reviewing the record and the Order of Remand in its entirety we conclude that the district court remanded based <u>entirely</u> on its finding that it lacked subject matter jurisdiction over Kennedy's claims, and even if we believed that the district court erred in its analysis, there is no evidence of "bad faith," or that its decision to remand was not "fairly based" on its determination that it lacked subject matter jurisdiction. Thus, the very narrow exception articulated in <u>Archuleta</u> has no application in this case.

[8]See <u>In re Clemence Lubar</u>, No. 00-1504, Order (10th Cir. Jan. 18, 2001), App. at 172-73.

-11-

mandamus panel's jurisdictional conclusion was clearly erroneous, and law of the

case principles do not prevent us from dismissing this appeal. [9]

---

[9] Lubar suggests that we are powerless to reconsider the mandamus panel's prior jurisdictional determinations because there is no broad-based "jurisdictional exception" to the law of the case doctrine. Without deciding whether or not Lubar is correct, or whether or not the cases cited actually preclude the possibility of a jurisdictional exception in all cases, we simply point out that we do not rely on any such exception in this case. We rely only on the "clearly erroneous" exception, and the well recognized principle that application of "law of the case" doctrine is always discretionary, not mandatory.

Relying on <u>Burlington Northern & Santa Fe Ry. Co. v. Burton</u>, 270 F.3d 942 (10th Cir. 2001), Lubar further suggests that "law of the circuit" principles prevent us from revisiting the jurisdictional issue, asserting that we can overturn the previous panel's jurisdictional decisions only by *en banc* consideration. However, the law of the circuit doctrine, as articulated in <u>Burlington</u>, refers generally to our policy that prior circuit precedent, derived from a <u>published opinion on the merits</u>, will not be overturned absent an *en banc* ruling of this court. <u>Burlington</u>, 270 F.3d at 947 (refusing to overturn this court's previous legal determinations in <u>Union Pac. R.R. Co. v. Utah</u>, 198 F.3d 1201 (10th Cir. 1999), and recognizing the general rule that we will not "overrule the judgment of another panel of this court absent en banc reconsideration or a superceding contrary decision by the Supreme Court"). It does not prevent us from exercising our discretion to revisit a prior panel's jurisdictional determinations in the same case, particularly where the previous panel did not decide the case on its actual merits, and its opinion was unpublished. This particular case, involving an appellate panel's review of a mandamus panel's prior jurisdictional determinations in an unpublished order, is much more akin to those cases where an appellate merits panel reviews the jurisdictional determinations of a prior motions panel than it is to cases where a subsequent appellate merits panel seeks to revisit the legal determinations articulated in a published opinion from a prior appellate merits panel. <u>Cf. Stifel</u>, 81 F.3d at 1544 (recognizing that law of the case principles are not applied as strictly where a merits panel seeks to revisit the decisions of a motions panel because "'[d]ecisions by motions panels are summary in character, made often on a scanty record, and not entitled to the weight of a decision made after plenary submission'") (quotation omitted); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1104 (9th Cir. 1999) (holding that "the 'law of

(continued...)

-12-

Lubar's second contention is that Kennedy affirmatively waived the issue of jurisdiction and consented to our review by expressly adopting the mandamus panel's holding that the district court's Order of Remand was appealable "under 28 U.S.C. § 1291." Br. of Pl.-Appellee at 1. Again, we disagree with Lubar's contention.

Although Lubar is correct that we ordinarily do not consider matters not affirmatively raised by the parties in their opening briefs, State Farm Fire & Cas. Co. v. Mhoon , 31 F.3d 979, 984 n. 7 (10th Cir. 1994), this general rule does not apply to jurisdictional questions. Lyons v. Jefferson Bank & Tr. , 994 F.2d 716, 721 (10th Cir. 1993) (noting that the court will address new issues on appeal where questions of the court's jurisdiction are raised). We have routinely recognized our ability to raise the question of appellate jurisdiction *sua sponte* ,[10] and parties cannot circumvent constitutional and statutory limitations to create

[9](...continued)
the case' doctrine leaves open the opportunity for a merits panel to reconsider jurisdictional issues as to which a motion panel denied certification"); Bogard v. Wright, 159 F.3d 1060, 1062 (7th Cir. 1998) (holding that a prior panel's denial of a motion to dismiss an appeal for want of appellate jurisdiction is not conclusive and does not "preclude the merits panel from revisiting the jurisdictional issue").

[10]See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998) (holding that a court must always satisfy itself first that it does in fact have jurisdiction before proceeding in any case, and that there is no such thing as "hypothetical jurisdiction"); Lopez v. Behles (In re Amer. Ready Mix, Inc.), 14 F.3d 1497, 1499 (10th Cir. 1994) (holding that appellate court has independent duty to examine its own jurisdiction even where neither party consents and both are prepared to concede it).

jurisdiction where it does not otherwise exist. Insurance Corp. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982) (holding that "no action of the parties can confer subject-matter jurisdiction upon a federal court," and that principles of wavier and estoppel do not apply). See also Stubblefield v. Windsor Cap. Grp., 74 F.3d 990, 993 n. 3 (10th Cir. 1996) (holding that a party's concession of jurisdiction has no legal effect "because where our jurisdiction is not authorized by statute, it cannot be manufactured by consent").

As a federal court of appeals, we are a court of limited jurisdiction and must refrain from exercising jurisdiction unless we are certain that such jurisdiction has been granted us by Congress. See Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1182 (10th Cir. 2000) ("In light of the limited subject matter jurisdiction granted to the federal courts by Congress, we have a duty to satisfy ourselves that jurisdiction is appropriate.")[11] Likewise, we are absolutely prohibited from exercising jurisdiction where it is expressly forbidden by Congress. See Basso v. Utah Pwr. & Lt. Co., 495 F.2d 906, 909 (10th Cir.1974) ("A court lacking jurisdiction cannot render judgment but must dismiss

_____

[11]See also Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto. For that reason, every federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review, even though the parties are prepared to concede it.") (emphasis added and internal citations and quotations omitted).

the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking   .") (emphasis added).   [12]   Section 1447(d) absolutely forbids us from reviewing the district court's Order of Remand in this case, and we cannot rely on principles of waiver to create appellate jurisdiction where it simply does not exist.

Based on the foregoing, we hold that we lack jurisdiction to review the district court's Order of Remand.   [13]   Accordingly, this appeal is DISMISSED.

---

[12]See also Tahy v. United States, No. 98-4167, 1999 WL 651388 at *2 n. 3 (10th Cir. Aug. 26, 1999) (unpublished) (recognizing that "'the federal courts are courts of limited jurisdiction whose remedial powers do not extend beyond the granting of relief expressly authorized by Congress'") (quoting Bush v. Lucas, 462 U.S. 367, 373 (1983)).

[13]At oral argument, Lubar argued that if we decide not to exercise jurisdiction over orders of remand in cases such as this, our review of district court pre-emption determinations will be limited to only those cases where (i) motions for remand are denied, (ii) a district court remands for reasons other than those articulated in § 1447(c), or (iii) the district court exercises jurisdiction and then subsequently dismisses a plaintiff's state law claims.  Lubar is absolutely correct; our previous cases have reviewed pre-emption determinations only in those limited circumstances.  See, e.g., Steinbach v. Dillon Cos., 253 F.3d 538, 539 (10th Cir. 2001) (reviewing pre-emption determinations where district court exercised jurisdiction and dismissed plaintiff's state law claims); Garley v. Sandia Corp., 236 F.3d 1200, 1203 (10th Cir. 2001) (reviewing pre-emption determinations where district court denied plaintiff's motion for remand and granted defendant's motion to dismiss); Albertsons, 982 F.2d at 1479-80 (review of pre-emption determinations "permissible because the district court did not remand on the basis of a defect in removal procedure or for lack of subject matter jurisdiction," but as an "exercise of its discretion" to dismiss pendent state claims after it exercised jurisdiction and dismissed all federal claims).  Nonetheless, we cannot ignore Congress' clear mandate, and must leave it to that body to correct any potential problems or anomalies inherent in the statutory schemes they have created.