FILED
United States Court of Appeals
Tenth Circuit

January 11, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LINDA VAN DYKE, as personal
representative of the Estate of Jack
Robert Van Dyke, deceased,

        Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

        Defendant-Appellee,

and

GLAXO SMITHKLINE,

        Defendant.

No. 11-8002
(D.C. No. 2:05-CV-00153-ABJ)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **GORSUCH**, and **MATHESON**, Circuit Judges.

      Linda Van Dyke, personal representative of the estate of her late husband

Jack Robert Van Dyke, appeals from the district court's dismissal of her medical

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

malpractice claims against the United States under the Federal Tort Claims Act ("FTCA"). The district court's decision was premised upon Ms. Van Dyke's failure to file a claim with Wyoming's medical review panel before instituting a lawsuit against the United States as "a health care provider." Wyo. Stat. Ann. § 9-2-1518(a). We have jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

## I. BACKGROUND

Ms. Van Dyke's husband was prescribed Paxil in 2004 and took it for seventeen days before committing suicide. On May 31, 2005, she filed a wrongful death and products liability diversity action in Wyoming federal court against Paxil's manufacturer. On January 26, 2007, she amended the complaint to add the United States ("the government") as a defendant and to assert claims against it under the FTCA, 28 U.S.C. §§ 1346, 2671-2680. Among other things, she alleged that the government was liable, based on a respondeat superior theory, for the negligent failure of two of its employees at the Veteran Affairs Medical Center in Sheridan, Wyoming, to convey known risks of suicidality associated with Paxil.[1]

---

[1]    Under § 1346(b) of the FTCA,

> the district courts . . . have exclusive jurisdiction of civil actions on claims against the United States . . . for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a

(continued...)

-2-

The government filed a motion to dismiss Ms. Van Dyke's claims for failure to comply with the Wyoming Medical Review Panel Act of 2005 ("Wyoming Act" or "Act"), Wyo. Stat. Ann. § 9-2-1513 to § 9-2-1523. The Act provides that "no complaint alleging [medical] malpractice shall be filed in any court against a health care provider before a claim is made to the [medical review] panel and its decision is rendered." *Id.* § 9-2-1518(a); *see also id.* § 9-2-1519(a) ("[C]laimants shall submit a claim for the consideration of the panel prior to filing a complaint in any court in this state . . . ."). The government also filed a motion for summary judgment. On March 27, 2009, the district court denied the government's motion to dismiss. It found, under Fed. R. Civ. P. 15(c), that Ms. Van Dyke's January 2007 amended complaint adding the United States as a defendant related back to her original May 2005 complaint, which she had filed before the Wyoming Act became effective. *See* Wyo. Stat. Ann. § 9-2-1518(a) (excepting "claims . . . upon which suit has been filed prior to July 1, 2005").

The government sought reconsideration of the March 27 order, asserting that the district court's relation-back analysis under Rule 15 was fundamentally

---

[1](...continued)
      private person, would be liable to the claimant in accordance with the
      law of the place where the act or omission occurred.

flawed.[2]  While the motion for reconsideration was pending, the district court granted the government's summary judgment motion on other grounds.  The same day, the district court denied the government's motion for reconsideration "as moot."  Aplt. App. at 224.

Ms. Van Dyke appealed the district court's summary judgment decision.  This court affirmed in part, reversed in part, and remanded for further proceedings.  *Van Dyke v. United States*, 388 F. App'x 786, 788, 794 (10th Cir. 2010) ("first appeal").  The panel explicitly declined to reach the government's alternative ground for affirming the district court's judgment; namely, that under Rule 15(c) Ms. Van Dyke's amended complaint did not relate back to her original complaint and her failure to file a claim under the Wyoming Act "foreclosed [her] from bringing suit . . . in any court in Wyoming," resulting in a failure to "state[] a cognizable claim under the FTCA."  Aplee. Supp. App. Doc. 13 at 40.  Citing 10th Cir. R. 10.3(B) and 10.3(D)(2), the panel explained that it would not consider the alternative basis because, even though the record included the district court's March 27 order denying the government's motion to dismiss, the record did not contain the government's motion to dismiss or Ms. Van Dyke's response.

---

[2]  The district court's March 27 order did not dispose of Ms. Van Dyke's claims and was not a final judgment.  Thus, the government's motion for reconsideration "invok[ed] the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment."  *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1223-24 n.2 (10th Cir. 2008) (internal quotation marks omitted).

The record was therefore insufficient to invoke appellate review. *See Van Dyke*, 388 F. App'x at 791. Dissatisfied with the Tenth Circuit's decision not to reach the alternative basis for affirming, the government filed a petition for panel rehearing, which was summarily denied.

On remand, the government renewed its motion for reconsideration of the March 27 order because the motion was "no longer moot." Aplt. App. at 245 n.1. Ms. Van Dyke opposed the motion, contending that "[a]ll issues concerning [her] alleged failure to comply with the Act ha[d] been decided by [the district court] and by the Tenth Circuit" and the doctrine of law of the case barred further consideration of the matter. *Id.* at 255-56. The district court disagreed and granted the government's renewed motion for reconsideration, rejecting Ms. Van Dyke's law-of-the-case arguments and explaining that its March 27 order "was clearly erroneous" and a "manifest injustice" would result if the errors were not corrected. *Id.* at 315. Thus, the district court re-examined its application of Rule 15(c) and concluded that it should not have determined, as a matter of law, that the January 2007 amended complaint related back to the original May 2005 complaint.

Turning to the merits of the government's motion to dismiss, the district court found that the pre-filing requirements in the Wyoming Act are substantive and that compliance with the Act is required in an FTCA action. The court

therefore granted the government's motion to dismiss and dismissed Ms. Van Dyke's claims for failure to comply with the Act. This appeal followed.

## II. DISCUSSION

As best we can discern, Ms. Van Dyke does not challenge the district court's determination, in deciding to reconsider its March 27 order, that the order was "clearly erroneous" and "would work a manifest injustice" if not corrected. Aplt. App. at 315; *id.* at 300. *Cf. Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (observing that "the need to correct clear error or prevent manifest injustice" are generally proper grounds for granting a motion to reconsider). Instead, she asserts that the law of the case doctrine precluded the district court from reconsidering the March 27 order.

### A.  The Law of the Case Doctrine

We review for an abuse of discretion the district court's decision to reconsider its March 27 order. *See Price v. Philpot*, 420 F.3d 1158, 1167 & n.9 (10th Cir. 2005); *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007) (noting that a district court generally remains free to reconsider its "earlier interlocutory orders"). We review de novo whether the law of the case barred the district court's decision on reconsideration. *Padilla-Caldera v. Holder*, 637 F.3d 1140, 1145 (10th Cir. 2011).

Ms. Van Dyke asserts that the Tenth Circuit in the first appeal considered and rejected the government's alternative ground for affirming the district court's

-6-

judgment, and implicitly rejected the same in denying the government's motion for panel rehearing. These "prior decisions," she claims, should have been afforded deference by the district court on remand. Aplt. Opening Br. at 10. Stated differently, she submits that the Tenth Circuit's "refusal to find 'clear error' and 'manifest injustice'" in the first appeal "should have been dispositive" on remand. *Id.*

Generally, the law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. [It] directs a court's discretion, [but] does not limit the tribunal's power." *Arizona v. California*, 460 U.S. 605, 618 (1983) (footnote omitted) (citation omitted). When an "original ruling was issued by a higher court, a district court should depart from the ruling only in exceptionally narrow circumstances," such as "when the decision was clearly erroneous and would work a manifest injustice." *Been*, 495 F.3d at 1225 & n.4. Perhaps more important in this appeal, "law of the case principles apply *only* to decisions *on the actual merits*." *Kennedy v. Lubar*, 273 F.3d 1293, 1299 (10th Cir. 2001) (emphasis added). "[O]nly matters actually decided, explicitly or implicitly, become law of the case," and it is therefore "important to reconstruct the pertinent circumstances surrounding and informing this court's previous decision[s]." *Wilmer v. Bd. of Cnty. Comm'rs*, 69 F.3d 406, 409 (10th Cir. 1995).

As previously noted, in the first appeal the government as appellee asked the Tenth Circuit to consider an alternative basis for affirmance. The court declined the invitation, agreeing with Ms. Van Dyke's suggestion that it "*not consider* the [government's] argument given the insufficient record." *Van Dyke*, 388 F. App'x at 791 (emphasis added). A conclusion that a record is insufficient to consider an issue is not a decision on the merits. *See Wilmer*, 69 F.3d at 409 ("[W]hen a dispositive procedural deficiency has obviated . . . consideration of the underlying merits of a claim, the law of the case doctrine does not reach through that procedural ruling to enshrine a substantive determination never in fact made."). Similarly, the summary denial of a petition for panel rehearing is not a decision on the merits. *See Alpha/Omega Ins. Servs., Inc. v. Prudential Ins. Co.*, 272 F.3d 276, 281 (5th Cir. 2001) ("Our denial of a motion for panel rehearing does not amount to a decision on the merits."); 16AA Charles Alan Wright et al., *Federal Practice and Procedure* § 3986, at 605 (4th ed. 2008) ("Denial of a petition for rehearing . . . does not of itself establish the law of the case for further proceedings after the initial appeal."). Thus, the district court's decision to grant the government's renewed motion for reconsideration was not an abuse of discretion precluded by the doctrine of law of the case.[3]

---

[3] We are likewise unpersuaded by Ms. Van Dyke's related contention that the government's failure in the first appeal to present a record sufficient for appellate review of its alternative basis for affirmance waived the issue. This court did not

(continued...)

**B. Wyoming Medical Review Panel**

Ms. Van Dyke next contends that even if the law of the case doctrine did not preclude the district court's reconsideration of the March 27 order, the court erroneously dismissed her case because filing a pre-suit claim with the Wyoming medical review panel pursuant to Wyo. Stat. Ann. § 9-2-1518(a) and § 9-2-1519 would be "redundant" and "futile." Aplt. Opening Br. at 18. Her arguments fail.

"Under the FTCA, the United States is liable for its tortious conduct in the same manner and to the same extent as a private individual under like circumstances in that jurisdiction would be liable." *Haceesa v. United States*, 309 F.3d 722, 725 (10th Cir. 2002) (citing 28 U.S.C. §§ 1346(b), 2674). That is, the government's "source of substantive liability under the FTCA" is the law of the place where the allegedly negligent or wrongful act or omission occurred—in this case, Wyoming. *FDIC v. Meyer*, 510 U.S. 471, 478 (1994). We conclude that the Wyoming Act is applicable to Ms. Van Dyke's medical malpractice claims against the government under the FTCA. *Cf. Hill v. SmithKline Beecham*

---

[3](...continued)
mention waiver in the first appeal. Further, Ms. Van Dyke has not directed us to, nor have we identified, any Tenth Circuit authority holding that an appellee's failure to provide a record sufficient to support an alternative basis for affirmance waives the issue. *Cf. Haynes Trane Serv. Agency, Inc. v. Am. Standard, Inc.*, 573 F.3d 947, 963 (10th Cir. 2009) (observing that "we do not ordinarily require appellees to raise every possible ground for affirmance in their appellate briefs"). In any event, "discretion to waive a waiver" may be exercised in a case like this one, "where injustice might otherwise result," *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 740 (D.C. Cir. 1995) (internal quotation marks omitted).

*Corp.*, 393 F.3d 1111, 1117 (10th Cir. 2004) (holding Colorado certificate of review requirement applicable in a medical malpractice case against the United States under the FTCA).

Ms. Van Dyke asserts that compliance with the Wyoming Act would be redundant of her compliance with the FTCA's pre-suit administrative requirements, *see* 28 U.S.C. § 2675. But the requirements under the Wyoming Act are different than the requirements under § 2675. Under the Wyoming Act, a claimant must file a claim containing "a statement in reasonable detail of the elements of the health care provider's conduct which are believed to constitute a malpractice claim, the dates the conduct occurred, and the names and addresses of all health care providers having contact relevant to the claim and all witnesses." Wyo. Stat. Ann. § 9-2-1519(a)(i). She must also provide a "statement prepared and signed by an expert in the specialty or subspecialty of medical practice at issue, setting forth the basis for the expert's belief that the conduct is believed to constitute a malpractice claim and the evidence currently available to support the expert's opinion." *Id.* § 9-2-1519(b).[4] These requirements go far beyond those

---

[4] Effective July 1, 2010, the Wyoming Act was amended to provide that a claimant need not submit an expert statement to the medical review board until after the health care provider has answered the claimant's claim. Wyo. Stat. Ann. § 9-2-1519(b) (2010). The version of the Act in effect at the time Ms. Van Dyke filed her FTCA claim against the United States, however, required a claimant to file an expert statement within 60 days of the date she filed her claim with the medical review panel, regardless of whether the health care provider answered the

(continued...)

contained in § 2675 of the FTCA. The FTCA requires only that a claimant "present[] to the appropriate federal agency (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Staggs v. United States ex rel. Dep't of Health & Human Servs.*, 425 F.3d 881, 884 (10th Cir. 2005) (internal quotation marks omitted).

Thus, we hold that complying with the Wyoming Act does not constitute an unnecessary repetition of the FTCA's requirements. Rather, compliance furthers Wyoming's goal of "prevent[ing] where possible the filing in court of actions against health care providers and their employees for professional liability in situations where the facts do not permit at least a reasonable inference of malpractice." Wyo. Stat. Ann. § 9-2-1514.

Finally, Ms. Van Dyke contends that it would have been futile for her to initiate a proceeding under the Wyoming Act because the government would not have participated. In other words, she claims that her non-compliance is immaterial because the Act allows a claimant to proceed to court if a health care provider fails to timely answer a claim. *Id.* § 9-2-1519(e).

As the government aptly points out, however, a claimant's compliance with the Wyoming Act's "requirements is mandatory, even if a health care provider

[4](...continued)
claim. Wyo. Stat. Ann. § 9-2-1519(b) (2007).

-11-

ultimately chooses not to participate in the process. Because a claimant's obligations are not excused when a private provider declines to participate, they likewise cannot be excused merely because the United States will not participate." Aplee. Br. at 34-35 n.8. Where, as here, a state statute benefits a private person by restricting medical malpractice suits, the United States in an FTCA case must receive the same benefit. *Cf. Haceesa*, 309 F.3d at 729.

Upon de novo review, we hold that the district court did not err in dismissing Ms. Van Dyke's FTCA claims for failure to comply with the Wyoming Medical Review Panel Act.

### III. CONCLUSION

The judgment of the district court is AFFIRMED.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge