FILED
United States Court of Appeals
Tenth Circuit

March 4, 2020

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

EARL E. BRAMHALL,

    Plaintiff - Appellant,

v.

SALT LAKE DISTRICT ATTORNEY'S
OFFICE; SIMARJIT S. GILL, Salt Lake
District Attorney; MELANIE M.
SERASSIO, Deputy District Attorney;
STEVEN C. GIBBONS, Deputy District
Attorney; NATHANIEL J. SANDERS,
Deputy District Attorney; ROBERT N.
PARRISH, Deputy District Attorney;
NATHAN J. EVERSHED, Deputy District
Attorney; CHOU CHOU COLLINS,
Deputy District Attorney; THOMAS V.
LOPRESTO, Deputy District Attorney;
CRAIG STANGER, Deputy District
Attorney; JARED W. RASBAND, Deputy
District Attorney; CHRISTINA P.
ORTEGA, Deputy District Attorney;
GREGORY N. FERBRACHE, Deputy
District Attorney; JARED N. PARRISH,
Deputy District Attorney; CYPRUS
CREDIT UNION, West Valley, Utah;
BROOK BENNION, Previous Branch
Manager, Cyprus Credit Union,

    Defendants - Appellees.

No. 19-4032
(D.C. No. 2:18-CV-00438-DB-EJF)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,

_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Earl Bramhall appeals from the district court's order dismissing without prejudice his complaint against various members of the Salt Lake District Attorney's Office (the "County Defendants") as well as Cyprus Credit Union and Brook Bennion (the "Bank Defendants"). We dismiss this appeal for lack of appellate jurisdiction.

**I**

Bramhall was arrested on July 23, 2008, for aggravated robbery and making threats against life or property. Officers from the West Valley City Police Department believed Bramhall had called a branch of the Cyprus Credit Union earlier that morning from a pay phone and told the branch manager, Bennion, that he wanted $100,000 in cash, that he was a sharp shooter and watching her from a building across the street, and that he had surrounded the bank with explosives. After spending over fifty-three months in pretrial detention and undergoing multiple competency evaluations, Bramhall was found not guilty by a jury in July 2017.

In June 2018, Bramhall filed an action against more than thirty defendants. He alleged the County Defendants (1) committed prosecutorial misconduct, (2) subjected him to cruel and unusual punishment, (3) violated his Fifth Amendment rights by

except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

failing to indict him before a grand jury, (4) conspired to prosecute him despite a lack of evidence, (5) attempted to coerce him into pleading guilty, (6) denied his right to a speedy trial, (7) improperly subjected him to numerous competency evaluations, and (8) improperly allowed a witness to remain in the courtroom during a preliminary hearing. With respect to the Bank Defendants, he alleged that (1) Bennion made false accusations against him and committed perjury at his trial and that (2) Cyprus Credit Union was negligent in hiring, supervising, and retaining Bennion.

Bramhall voluntarily dismissed his claims against the Police Defendants. After the County Defendants and Bank Defendants filed motions to dismiss, a magistrate judge recommended granting the motions. The district court adopted the magistrate judge's recommendations and dismissed Bramhall's claims against the County Defendants and Bank Defendants.

Bramhall then filed (1) a motion for leave to file an amended complaint, (2) a motion under Fed. R. Civ. P. 60(b)(6) for modification of the district court's order, and (3) a notice of appeal. We abated the appeal until the post-judgment motions were resolved. The district court denied the motion for leave to amend, concluding it was procedurally improper. It also denied in part and granted in part the Rule 60(b) motion, discerning no factual or legal basis for altering the substance of its prior ruling but modifying that ruling "to clarify that [Bramhall's] claims are dismissed without prejudice" and that he "may still pursue his claims in an appropriate manner if he is able to allege sufficient facts to state a plausible claim for relief." Bramhall

3

filed an amended notice of appeal to include the district court's post-judgment rulings, and we lifted the abatement.

## II

Bramhall contends the district court erred in dismissing his claims against the County Defendants and Bank Defendants and in denying his motion for leave to amend his complaint. Before addressing these claims, we must determine whether we have jurisdiction over this appeal.

Ordinarily, only "final decisions" of the district court are appealable. 28 U.S.C. § 1291. "To be final under 28 U.S.C. § 1291, an order must end the litigation on the merits and leave nothing for the court to do but execute the judgment." Alexander v. U.S. Parole Comm'n, 514 F.3d 1083, 1087 (10th Cir. 2008) (quotation and alterations omitted). "[A] dismissal without prejudice is usually not a final decision," Amazon, Inc. v. Dirt Camp, Inc., 273 F.3d 1271, 1275 (10th Cir. 2001), but may be final "depending upon the circumstances," Moya v. Schollenbarger, 465 F.3d 444, 448 (10th Cir. 2006) (quotation omitted). If the dismissal of Bramhall's claims without prejudice was not a final order, "then we lack jurisdiction to hear the appeal." Id.

At the outset, we note that Bramhall contends "this Court already ruled" it has jurisdiction because the court's order lifting the abatement of his appeal indicated the district court's order was final. Nevertheless, "we have an independent duty to examine our own jurisdiction," Amazon, 273 F.3d at 1274, even if it requires us to

4

reconsider prior determinations on appellate jurisdiction, see Kennedy v. Lubar, 273 F.3d 1293, 1299-1300 (10th Cir. 2001).

When assessing whether a dismissal is final and appealable, "we look to the substance and objective intent of the district court's order, not just its terminology." Moya, 465 F.3d at 449 (emphases omitted). When reviewing an ambiguous order, we must "determine as best we can whether the district court's order evidences an intent to extinguish the plaintiff's cause of action, and whether the plaintiff has been effectively excluded from federal court under the present circumstances. If so, then our appellate jurisdiction is proper." Id. (quotations, citations, and alterations omitted). We employ a "practical approach" guided by "the following principles": (1) "if a district court order expressly and unambiguously dismisses a plaintiff's entire action, that order is final"; (2) if "a district court dismissal expressly denies the plaintiff leave to amend, or the district court's grounds for dismissal are such that the defect cannot be cured through an amendment to the complaint, that dismissal (even if it is ambiguous or nominally of the complaint) is for practical purposes of the entire action and therefore final"; and (3) if "the dismissal order expressly grants the plaintiff leave to amend, that conclusively shows that the district court intended only to dismiss the complaint" and that the dismissal is not final. Id. at 450-51 (quotations and emphases omitted).

The first and third principles do not apply in this case. The district court did not grant leave to amend or "expressly and unambiguously dismiss[] [Bramhall's] entire action." Id. at 450. Instead, the court's order expressly states that

5

Mr. Bramhall's "claims are dismissed without prejudice" and that the court's original ruling "dismissed the operative Complaint in its entirety." See id. at 449 ("[W]hether an order of dismissal is appealable generally depends on whether the district court dismissed the complaint or the action. A dismissal of the complaint is ordinarily a non-final, nonappealable order (since amendment would generally be available), while a dismissal of the entire action is ordinarily final." (quotation omitted)).

Finality in this case thus hinges on the second principle in Moya. Although the district court denied Bramhall's motion to amend, it explained that allowing him "to file his proposed Amended Complaint would be futile" because the proposed amended complaint did nothing to cure the original complaint's defects. Moreover, the court suggested the defects could be cured, stating Bramhall "may still pursue his claims in an appropriate manner if he is able to allege sufficient facts to state a plausible claim for relief." By inviting Bramhall to continue to "pursue his claims,"[1] the district court plainly did not exclude him from federal court. See id. at 450, 454.

---

[1] Bramhall interpreted this statement as "direct[ing] the filing of a new Complaint with a new case number and new date-time-stamp." He has done just that, filing a new complaint in district court against the County Defendants and the Bank Defendants in Case Number 2:19-cv-00477-RJS-CMR. As of the filing of this order and judgment, a dispositive ruling has not been entered in that action.

**III**

Accordingly, the district court's order dismissing Bramhall's claims without prejudice was not a final order. We therefore **DISMISS** the appeal for lack of appellate jurisdiction.

Entered for the Court


Carlos F. Lucero
Circuit Judge