**F I L E D**

PUBLISH

**April 11, 2006**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DEBRA L. MILLER, Secretary of the
Kansas Department of Transportation,

      Plaintiff - Appellee,

  v.

DANNY LAMBETH,

      Defendant - Appellant,
  and

JOEL LAMBETH; SHELL ANN
PLEKOWSKE; DANA LYN DAWES;
MARK LAMBETH, doing business as
Truck Wholesale,

      Defendants.

No. 05-3207

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS***
**(D.C. NO. 04-CV-2613-CM)**

---

Danny Lambeth, pro se.

---

    *After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

Oswald S. Dwyer, Staff Attorney (Sally Howard, Chief Counsel) Kansas Department of Transportation, Topeka, Kansas, for the Plaintiff - Appellee.

Before **TACHA,** Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

**HARTZ**, Circuit Judge.

This appeal raises an interesting issue regarding our jurisdiction to review a district court order remanding a case to state court after the defendant had removed it to federal court. We hold that we lack jurisdiction and dismiss the appeal.

I.

The statutory provisions governing remands of cases removed to federal court are 28 U.S.C. § 1447(c) and (d), which state:

> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a) If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . . The State court may thereupon proceed with such case.

> (d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

Despite the seemingly unqualified language of the first clause of § 1447(d), its prohibition on appellate review applies "only if the district court remands on grounds permitted by § 1447(c)." *Flores v. Long*, 110 F.3d 730, 731 (10th Cir. 1997); *see Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711-12 (1996). The two categories of remand within § 1447(c), and therefore within this prohibition on appellate review, are remands for lack of subject matter jurisdiction and for defects in removal procedure. *See Quackenbush*, 517 U.S. at 712; *Kennedy v. Lubar*, 273 F.3d 1293, 1297 (10th Cir. 2001).

Thus, we have jurisdiction to review a remand order only if (1) the remand was for a reason other than lack of subject matter jurisdiction or a defect in the removal procedure or (2) the "except" clause of § 1447(d) gives us jurisdiction because the case was removed under 28 U.S.C. § 1443 (governing certain civil rights cases). In this case the first basis for jurisdiction does not apply because the ground for remand was a defect in the removal procedure. As for the second basis, the removal petition invokes § 1443, but we hold that the "except" clause of § 1447(d) nevertheless does not confer appellate jurisdiction because the allegations of the petition make clear that § 1443 is inapplicable.

II.

On August 21, 2003, Debra Miller, Secretary of the Kansas Department of Transportation (KDOT), filed a petition for abatement in Kansas state court

-3-

against Danny Lambeth and his children, all doing business as Truck Wholesale, for operating a junkyard without a proper certificate, in violation of Kansas law. *See* Kan. Stat. Ann. 68-2205. Mr. Lambeth admits that he received notice of the suit on August 25, 2003. The state court granted summary judgment to KDOT and denied Truck Wholesale's motion for reconsideration. In an attempt to have the case heard in federal court, Mr. Lambeth then filed a notice of removal in the United States District Court for the District of Kansas on December 30, 2004.

The district court concluded that the removal was untimely and remanded the case to the state court. The court relied on 28 U.S.C. § 1446(b), which states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that *a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title [governing diversity-of-citizenship jurisdiction] more than 1 year after commencement of the action.*

(emphasis added). The court stated that the removal petition asserted diversity jurisdiction and was therefore time-barred because it was filed more than a year after the commencement of the action in state court. There is no suggestion in the district court's order, nor does Mr. Lambeth argue before us, that there was any

-4-

other basis for the court's determination. The remand was thus because of an alleged defect in the removal procedure. *See Things Remembered Inc. v. Petrarca*, 516 U.S. 124, 128 (1995) (untimeliness is "precisely the type of removal defect contemplated by § 1447(c)").

Accordingly, the district court's order is unreviewable unless the case "was removed pursuant to section 1443 of [Title 28]." § 1447(d). Section 1443 allows removal of state-court civil or criminal proceedings

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; [or]

> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Mr. Lambeth's removal petition invoked § 1443, stating: "This case is subject to Removal under U.S.C. Title 28, §1443(1,2) and U.S.C. Title 28, §1446(b,d)." R. Vol. I, Doc. 1 at 2. (We disregard the reference to § 1446, because that section defines the procedures for removal but does not provide any *grounds* for removal.)

Nevertheless, just as we review the record to determine whether the basis for the remand falls within § 1447(c), *see Kennedy*, 273 F.3d at 1297; *Flores*, 110 F.3d at 732 ("Mere mention of § 1447(c) or the 'magic words' of subject matter jurisdiction . . . do not automatically render a remand order nonreviewable under

§ 1447(d)."), we must also resolve the issue of our jurisdiction by reviewing the record to determine whether Mr. Lambeth has alleged a basis for removal under § 1443, *see Bauer v. Transitional Sch. Dist. of St. Louis*, 255 F.3d 478, 480-83 (8th Cir. 2001); *McClanahan v. Louisiana*, 399 F.2d 695 (5th Cir. 1968); 16 James Wm. Moore et al., Moore's Federal Practice § 107.44(2)(e) (3d ed. 1997). *But cf. Robertson v. Ball*, 534 F.2d 63, 65-66 (5th Cir. 1976) (*affirming* remand based on district court's determination that notice of removal citing § 1443 did not satisfy the requirements of that statute). If a bald citation to § 1443 could support appellate jurisdiction, then the removing party could too readily delay remand and prolong the interference with state jurisdiction that § 1447(d) clearly seeks to minimize. *See Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 351 (1976) ("There is no doubt that in order to prevent delay in the trial of remanded cases by protracted litigation of jurisdictional issues, Congress immunized from all forms of appellate review any remand order issued on the grounds specified in § 1447(c) . . . ." (internal citation omitted)); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941) (holding that case was improperly removed: "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." (internal quotation marks omitted)); *Pritchett v. Office Depot, Inc.*, 420 F.3d

1090, 1094-95 (10th Cir. 2005) ("It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals."); *Ohio v. Wright*, 992 F.2d 616, 619 (6th Cir. 1993) (en banc) ("[T]he congressional purpose [in enacting § 1447(d) was] to prevent the additional delay which a removing party may achieve by seeking appellate reconsideration of an order of remand and to prevent federal removal from becoming a device affording litigants a means of substantially delaying justice." (internal quotation marks omitted)).

Despite Mr. Lambeth's citation to both § 1443(1) and (2) in support of his removal petition, we have no difficulty concluding that he has failed to allege claims that permit removal under either subsection. Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *Greenwood v. Peacock*, 384 U.S. 808, 824 (1966); *accord Bohlander v. Ind. Sch. Dist. No. 1*, 420 F.2d 693, 694 (10th Cir. 1969). As Mr. Lambeth contends neither that he has been a federal officer or agent, nor that he has been acting with or for one, that subsection is clearly inapplicable.

As for § 1443(1), the Supreme Court has established a two-prong test:

First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil

-7-

rights stated in terms of racial equality. Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. . . .

Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State. This provision normally requires that the denial be manifest in a formal expression of state law . . . .

*Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (internal citations, quotation marks, and brackets omitted). Mr. Lambeth alleges that the KDOT action has violated a number of his civil rights, including guarantees under the Equal Protection, Full Faith and Credit, and Privileges and Immunities Clauses of the United States Constitution. He also asserts violations of the Kansas constitution and statutes and the North American Free Trade Agreement. But none of these claims, whatever their merits, arise "under a federal law providing for specific civil rights stated in terms of racial equality." *Id.* (internal quotation marks omitted). At most, he asserts violations of federal laws of general applicability, which are not sufficient to qualify for removal under § 1443(1). *See Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990) (rights to a speedy and fair trial); *New Mexico v. Torres*, 461 F.2d 342, 343 (10th Cir. 1972) (per curiam) (equal protection); *Alabama v. Conley*, 245 F.3d 1292, 1295-96 (11th Cir. 2001) (per curiam) ("[B]road assertions under the Equal Protection Clause . . . are insufficient to support a valid claim for removal under § 1443(1)."). Because Mr. Lambeth's petition clearly fails the first prong of the

-8-

*Johnson* test, we need not assess under the second prong whether he has asserted some aspect of Kansas law that would prevent him from vindicating his rights in state court. *See Robertson*, 534 F.2d at 66.

## III.

Lacking jurisdiction to review the district court's remand order, we DISMISS the appeal.