FILED
United States Court of Appeals
Tenth Circuit

July 9, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

THOMAS E. SCHERER,

      Plaintiff,

v.

MERCK & CO., INC.; DAVID R.
BARRY/UNITED STATES OF
AMERICA; STATE OF KANSAS,

      Defendants-Appellees,

---

CHARLES M. WILSON,

      Movant-Appellant.

No. 06-3295
(D.C. No. 05-CV-2019-CM)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

---

Charles M. Wilson sought to intervene as a pro se plaintiff in this action.

After the district court dismissed the only claim over which there was federal

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

jurisdiction, it declined to exercise supplemental jurisdiction over the remaining claims and remanded the case to state court. It therefore denied as moot certain pending motions, including Mr. Wilson's motion to intervene. We dismiss his appeal for lack of jurisdiction.

## I.

In December 2004 Thomas E. Scherer filed a pro se action in Kansas state court against Merck & Co., Inc., the State of Kansas, and David R. Barry, a physician employed by the United States Department of Veterans Affairs. Mr. Scherer alleged various claims arising out of his use of certain prescription medications. The United States removed the action to federal district court and filed a notice substituting itself as a defendant in place of Dr. Barry. It then filed a motion to dismiss, asserting that the district court lacked subject-matter jurisdiction over Mr. Scherer's claim against the United States because he had failed to exhaust his administrative remedies. While the motion to dismiss was pending, Mr. Wilson filed in the district court a pro se document seeking to join as a plaintiff in this case. The court construed the filing as a motion to intervene. A magistrate judge issued a report and recommendation to deny Mr. Wilson's motion. In an order dated January 18, 2006, the district court granted the United States' motion to dismiss, declined to exercise supplemental jurisdiction over the remaining nonfederal claims, and remanded them to state court under 28 U.S.C. § 1447(c). In the same order it also held that Mr. Wilson's motion to intervene

and the magistrate judge's report and recommendation to deny that motion were moot.

Mr. Scherer and Merck filed motions to reconsider the remand order. On February 3, 2006, Mr. Wilson filed a "Motion to Correct Clerical Error," contending that the district court's transmittal of the action back to the state court was premature in light of the automatic stay under Fed. R. Civ. P. 62. He also filed a memorandum supporting reconsideration of the January 18 order, in which he raised claims of error regarding the magistrate judge's report and recommendation on his motion to intervene. On August 7, 2006, the district court held that under 28 U.S.C. § 1447(d) it did not have jurisdiction to review its own remand order. Consequently, the district court held that Mr. Wilson's motion to reconsider was moot in light of the court's remand of the case to state court. The district court also said that it could decline to consider the motion because Mr. Wilson had never been a party to the action. On August 17, 2006, Mr. Wilson filed a timely notice of appeal of the August 7 order and Merck has moved to dismiss the appeal.[1]

---

[1] Mr. Wilson later filed another pleading, which the district court construed as a motion for relief from judgment and denied as moot. He then filed a notice appealing that order. This court docketed the appeal as case number 06-3375, but later dismissed it when Mr. Wilson failed to pay the filing fee.

-3-

**II**.

On appeal Mr. Wilson raises three issues: (1) he claims error in the district court's treatment of his notice to "join" the action as a motion to intervene; (2) he objects to the district court clerk's refusal to accept for filing his summons and complaint in connection with his motion to intervene; and (3) he challenges the magistrate judge's conclusion that no class had been certified in this case. He seeks a remand to the district court, with a direction to certify the case as a class action, as well as further consideration by the district court of his motion to join the case as a coplaintiff.

Mr. Wilson can obtain the relief he seeks only upon a reversal of the district court's remand order. *See In Re Bear River Drainage Dist.*, 267 F.2d 849, 851 (10th Cir. 1959) (relief sought in interlocutory appeal of denial of motion to dismiss "will avail nothing as the remand order stands effective"). But this court does not have jurisdiction to review that order. Under § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." Section 1447(d) precludes review of a remand order entered on grounds permitted by § 1447(c), namely lack of subject-matter jurisdiction or defects in the removal procedure. *See Miller v. Lambeth*, 443 F.3d 757, 759 (10th Cir. 2006). Because the record reveals that the district court's

remand order in this case was entered under § 1447(c) for lack of subject-matter jurisdiction, we do not have jurisdiction to review it.[2]

Nor is there a jurisdictional basis for this court to review the district court's denial of Mr. Wilson's motion to reconsider separate from its remand order. We have previously noted that the better practice is for a district court not to dispose of pending motions in connection with a remand order, but instead to remand with the motions pending. *See Kromer v. McNabb*, 308 F.2d 863, 865 (10th Cir. 1962)*; Bear River*, 267 F.2d at 851. But when the district court rules on such a motion–as it did in denying Mr. Wilson's motion to intervene as moot–this court is without jurisdiction to review the district court's action. "As the remand left the district court without jurisdiction, an appeal to the court of appeals is a futile thing. . . . In the circumstances there is nothing properly before us for review." *Bear River*, 267 F.2d at 851-52.

## III.

We conclude that we do not have jurisdiction to consider Mr. Wilson's appeal. Merck's motion to dismiss the appeal is therefore GRANTED and the

---

[2]     Mr. Wilson does not contend that any exception to the rule precluding judicial review applies in this case. We note that the action was not removed under 28 U.S.C. § 1443. *See Miller*, 443 F.3d at 759 (appellate court can review remand order in case that was removed under § 1443).

appeal is DISMISSED.  All other pending motions are DENIED as moot.

Entered for the Court

Harris L Hartz
Circuit Judge