**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 3, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PEOPLE OF THE STATE
OF COLORADO,

        Plaintiff-Appellee,

v.

DAVID JACKSON,

        Defendant-Appellant.

No. 07-1237
(D.C. No. 07-cr-222-ZLW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **PORFILIO**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

Defendant-Appellant David Jackson, proceeding pro se, appeals the district

court's order summarily remanding his criminal action to the County Court of

Adams County, Colorado. Because this court lacks jurisdiction over the district

court's remand order, we **DISMISS** the appeal.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Jackson's driving privileges were suspended after he failed to pay court-ordered child support. He was subsequently charged in Colorado county court with "driving under restraint." The statute under which he was charged provides for punishment of up to six months in county jail and a fine of up to $500 for "[a]ny person who drives a motor vehicle . . . upon any highway of this state with knowledge that such person's license or privilege to drive . . . is under restraint for any reason other than conviction of an alcohol-related offense . . . ." Colo. Rev. Stat. § 42-2-138(1)(a).

Jackson filed an amended notice of removal in federal court, seeking removal of his state criminal prosecution. He argued that the child support order and the administrative judgment suspending his driving privileges violated his federal constitutional rights to due process, equal protection, and a speedy trial. He further argued that he was unable to enforce these rights in state court.

In the removal notice, Jackson did not identify a federal statute permitting the removal.[1] The district court analyzed his request under 28 U.S.C. § 1443(1) and (2), which allow a defendant in a state court proceeding to remove to federal court if he cannot enforce his civil rights in state court. With respect to § 1443(1), the district court found that Jackson's claim failed to satisfy the

---

[1]    He cited 28 U.S.C. § 1446, but as the district court noted, this statute merely provides the procedures that are applicable in removal actions, and does not itself create a right of removal.

two-prong test for removal outlined in Johnson v. Mississippi, 421 U.S. 213, 219 (1975).  Specifically, the court concluded that Jackson did not allege the denial of any right based upon his race, and that he failed to provide the court with specific factual allegations concerning his inability to enforce his constitutional rights in the state criminal proceeding.  Further, the court determined that § 1443(2) did not provide a basis for removal because Jackson did not allege that he was a federal officer or a person assisting a federal officer in the performance of official duties providing for equal civil rights.  The court summarily remanded the case to state court.

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case . . . pursuant to [28 U.S.C. § 1443] shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447(d).  Accordingly, we have jurisdiction to review a remand order only if the case was removed under § 1443, and concomitantly lack jurisdiction if "the allegations of the petition make clear that § 1443 is inapplicable."  Miller v. Lambeth, 443 F.3d 757, 759 (10th Cir. 2006).  We must resolve the issue of our jurisdiction by reviewing the record to determine whether Jackson has alleged a basis for removal under § 1443.  Id. at 760.

Having reviewed Jackson's amended removal notice, we agree with the district court that § 1443(1) does not provide him with a basis for removal. Although he alleged that the action by the Colorado state authorities violated a

number of his civil rights, including his right to due process, equal protection, and a speedy trial, none of his claims arises "under a federal law providing for specific civil rights stated in terms of racial equality." Johnson, 421 U.S. at 219.[2] Nor did he allege a basis for removal under § 1443(2), because he did not contend that "he has been a federal officer or agent, [or] that he has been acting with or for one . . . ." Miller, 443 F.3d at 761. We therefore lack jurisdiction to consider this appeal.

Jackson also argues that the district court should have provided him with counsel. In light of the remand to state court and our lack of jurisdiction over this appeal, this argument is moot.

The appeal is **DISMISSED** for lack of appellate jurisdiction. Although we have considered both of Jackson's "opening briefs," dated October 15, 2007 (amended October 16, 2007), and December 21, 2007, all of his other pending motions relating to briefing and to this appeal are **DENIED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

---

[2] Jackson contends that the district court misapprehended the basis on which he sought removal. He argues that he did not allege that the criminal prosecution violated his federal constitutional rights, but instead that he had been "denied a Right of First Appeal, on a traffic infraction, which is an element of a criminal charge." But denial of a right of first appeal on a traffic infraction also fails to constitute denial of a right to racial equality that we could review on appeal.

-4-