**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

THE PEOPLE OF THE STATE OF
COLORADO,

     Plaintiff - Appellee,

v.

ALFONSO CARRILLO,

     Defendant - Appellant.

No. 15-1294
(D.C. No. 1:15-y-00040-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Alfonso Carrillo appeals following the district court's remand of his criminal

case to Colorado state court. Exercising jurisdiction under 28 U.S.C. § 1447(d), we

affirm.

**I**

Carrillo was charged in Colorado state court with forgery, offering a false

instrument, and theft. He filed a notice of removal, which he subsequently amended,

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

claiming that his prosecution was motivated by racial discrimination. The district court summarily remanded the case to state court on June 24, 2015. Carrillo filed a motion for reconsideration on July 31, 2015.[1] The district court denied his motion on August 3, 2015. Carillo then filed a notice of appeal of both orders, which he certified was deposited in the prison mail system on August 14, 2015.

**II**

An order remanding a case to state court is generally not reviewable on appeal. See 28 U.S.C. § 1447(d). However, the statute contains an exception for cases "removed pursuant to section 1443 of this title," which "shall be reviewable by appeal." Id. Because Carrillo expressly relied on § 1443 in his notice of removal, we possess jurisdiction. See Colorado v. Lopez, 919 F.2d 131, 132 (10th Cir. 1990).

It is not clear whether an appeal from a remand order in a case removed under § 1443 should be treated as civil or criminal. See Taos Cty. Magistrate Court v. Currier, 625 F. App'x 358, 360 (10th Cir. 2015) (noting that although such cases are criminal in nature, criminal defendants are required to adhere to Fed. R. Civ. P. 11 in filing a notice of removal). But Carrillo's notice of appeal was untimely with respect to the remand order under either standard. See Fed. R. App. P. 4(a)(1)(a) (30-day deadline in civil cases); Fed. R. App. P. 4(b)(1)(A) (14-day deadline in criminal

---

[1] Although the motion is dated July 15, 2015, Carillo does not indicate when it was placed in the prison mail system and thus does not benefit from the prison mailbox rule. See Price v. Philpot, 420 F.3d 1158, 1165 (10th Cir. 2005).

cases).[2]  However, Carrillo's notice of appeal is timely as to the denial of his motion for reconsideration under either rule.  See Fed. R. App. P. 4(a)(1)(A); Fed. R. App. P. 4(b)(1)(A); see also Philpot, 420 F.3d at 1165 (prison mailbox rule for computing filing date).  Accordingly, we review only the district court's order denying reconsideration.

**III**

Under Johnson v. Mississippi, 421 U.S. 213 (1975), a defendant may remove a criminal case to federal court under § 1443(1) if:  (1) "the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality"; and (2) "the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State."  Johnson, 421 U.S. at 219 (quotation omitted).[3]  Ordinarily, "vindication of the defendant's federal rights is left to the state courts" and thus removal is appropriate only if "it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court."  City of Greenwood v. Peacock, 384 U.S. 808, 828 (1966).

---

[2] Carrillo's motion for reconsideration was not filed in time to toll the limitations period under either standard.  See Fed. R. App. P. 4(a)(4)(A)(iv) (deadline to appeal tolled by timely filing of a Fed. R. Civ. P. 59 motion); Fed. R. Civ. P. 59(b) (motion to be filed within 28 days); Fed. R. App. P. 4(b)(3)(A) (tolling motions in a criminal case must be filed within 14 days).

[3] Carrillo cited several other statutes in his notice of removal, but argues only §§ 1443(1) and 1446 on appeal.  Section 1446 merely sets forth the procedural requirements for removal.

Even construing his pro se filings liberally, <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991), we agree with the district court that Carrillo failed to allege facts suggesting that the Colorado state courts will not protect his federal rights. Thus, the district court properly denied Carrillo's motion for reconsideration of its summary remand order.[4]

## IV

**AFFIRMED**. We **GRANT** Carrillo's motion to proceed in forma pauperis.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[4] Because the allegations contained in the notice of removal were insufficient, we reject Carrillo's argument that the district court should have held an evidentiary hearing. See <u>Laughlin v. Kmart Corp.</u>, 50 F.3d 871, 873 (10th Cir. 1995) (jurisdiction should be determined from allegations in notice of removal), <u>abrogated on other grounds by</u> <u>Dart Cherokee Basin Operating Co. v. Owens</u>, 135 S. Ct. 574 (2014).