FILED
United States Court of Appeals
Tenth Circuit

April 25, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TAMIKA J. PLEDGER,

     Plaintiff - Appellant,

v.

STATE OF KANSAS, the Unified
Government of Wyandotte County;
JEROME A. GORMAN, Wyandotte
County District Attorney,

     Defendants - Appellees.

No. 16-3288
(D.C. No. 2:16-CV-02215-JAR-JPO)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **McKAY** and **LUCERO**, Circuit Judges.
_____

Tamika J. Pledger appeals the district court's order that remanded her case to

state court. We dismiss the appeal for lack of jurisdiction.

**Background**

Ms. Pledger was charged in Kansas state court with several criminal violations

after she drove her car into a group of teenagers. At her preliminary hearing on

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

October 29, 2015, the court found probable cause to believe she was guilty of the crimes charged. Ms. Pledger, who was present with counsel, waived formal arraignment and pleaded not guilty.

Thereafter, Ms. Pledger filed several motions in the criminal case, including motions to dismiss for: (1) lack of subject matter jurisdiction; (2) evidence tampering; (3) falsifying documents; and (4) judicial misconduct. Following the denial of the motions, Ms. Pledger filed a writ of mandamus with the Kansas Supreme Court, which was also denied.

On April 5, 2016, Ms. Pledger filed a civil complaint in federal court, and on May 12, she filed a "Notice of Removal" of the criminal case to federal court. Aplt. App. at 35. Defendants moved to remand the case to state court. The district court granted the motion. This appeal followed.

**Analysis**

Under 28 U.S.C. § 1443, a defendant may remove a state criminal prosecution to federal court under certain circumstances. But any "notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. § 1455(b)(1). Not every removal order is subject to appellate review. Instead,

> [a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a

case to the State court from which it was removed pursuant to section 1442[1] or 1443 of [Title 28] shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d).

Further, "[d]espite the seemingly unqualified language of the first clause of § 1447(d), its prohibition on appellate review applies only if the district court remands on grounds permitted by § 1447(c)." *Miller v. Lambeth*, 443 F.3d 757, 759 (10th Cir. 2006) (internal quotation marks omitted). There are "two categories of remand within § 1447(c), and therefore within this prohibition on appellate review." *Id*. The two categories that are beyond appellate review "are remands for lack of subject matter jurisdiction and for defects in removal procedure." *Id*.

Thus, under the above statutory regime,

we have jurisdiction to review a remand order only if (1) the remand was for a reason other than lack of subject matter jurisdiction or a defect in the removal procedure or (2) the 'except' clause of § 1447(d) gives us jurisdiction because the case was removed under 28 U.S.C. § 1443 (governing certain civil rights cases).

*Id*.

In this case, the first basis for appellate jurisdiction does not apply because the district court remanded the case for a defect in the removal procedure (the notice of removal was untimely). And the second basis for appellate jurisdiction is likewise inapplicable because the case was not removed under § 1443.

Ms. Pledger does not challenge the district court's finding that her Notice of Removal was untimely. In any event, untimely removal is a defect in the removal

---

[1] Section 1442 applies to the removal of civil or criminal actions against the United States or its officers or agencies.

3

procedure and not subject to judicial review under § 1447(c). *See Miller*, 443 F.3d at 760 (holding untimeliness is a defect in the removal procedure).

And because Ms. Pledger's Notice of Removal was not based on § 1443, the district court's order is likewise not reviewable on appeal. "[W]e . . . resolve the issue of our jurisdiction by reviewing the record to determine whether [Ms. Pledger] has alleged a basis for removal under § 1443." *Id.* Setting aside the fact that neither Ms. Pledger's complaint nor her Notice of Removal mentioned § 1443, even if they had, this would not be enough. As we explained in *Miller*, "[i]f a bald citation to § 1443 could support appellate jurisdiction, then the removing party could too readily delay remand and prolong the interference with state jurisdiction that § 1447(d) clearly seeks to minimize." *Id.* Instead, we examine the pleadings to determine whether Ms. Pledger alleged a basis for removal under § 1443. *See id.* at 761.

As grounds for federal jurisdiction, Ms. Pledger alleged the violation of her civil rights under 28 U.S.C. § 1343 and Rule 60 of the Federal Rules of Civil Procedure. Rule 60, however, governs motions for relief from judgment—it does not provide an independent basis for a federal claim or jurisdiction. Moreover, an alleged cause of action under § 1343 is not the same as a claim under § 1443. To satisfy the first prong of a claim under § 1443, the claim must "arise[] under a federal law providing for specific civil rights stated in terms of racial equality." *Miller*, 443 F.3d at 761 (internal quotation marks omitted). But Ms. Pledger's claims do not meet

4

this test.  Her complaint, which repeats the same claims she made in the underlying criminal action, contains no allegations of racial inequality.[2]

As such, we lack jurisdiction to review the district court's remand order, and the appeal is dismissed.

Entered for the Court


Monroe G. McKay
Circuit Judge

---

[2] The second prong requires the removing party to assert some aspect of state law that prevents her from vindicating her rights in state court. *See Miller*, 443 F.3d at 762.  But because Ms. Pledger fails the first prong, we do not consider whether she meets the second prong.