**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 30, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

THE PEOPLE OF THE STATE OF
COLORADO,

    Plaintiff - Appellee,

v.

MARCUS ALLEN MURPHY,

    Defendant - Appellant.

No. 23-1099
(D.C. No. 1:23-MJ-00055-LTB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **EID**, **CARSON**, and **ROSSMAN**, Circuit Judges.
_____

Marcus Allen Murphy, appearing pro se, appeals from the district court's order

summarily remanding his criminal case to Colorado state court.  We affirm.

## I.  BACKGROUND

Mr. Murphy filed a notice of removal (Notice) in federal district court.  The

Notice involved a criminal case filed against him in Colorado state court.

Mr. Murphy alleged he was a licensed attorney in Colorado and admitted to practice

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

before the federal courts in Colorado. He also alleged he was being "unlawfully & unconstitutionally incarcerated, without Warrant or Indictment, on Excessive Bail of $35K, for 46-days since Wed., Jan. 25, 2023 . . . as the result of a self-help, non-judicial botched-Eviction by an out-of-state slumlord & felon-burglar maintenance-man/super." R. at 4.

Mr. Murphy asserted two statutory bases for removal—28 U.S.C. §§ 1442(a)(3) and 1443. Section 1442(a)(3) authorizes removal of civil actions or criminal prosecutions filed in state court against "[a]ny officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties." In pertinent part, § 1443(1) authorizes removal of state civil actions or criminal prosecutions "under certain conditions, in light of Title I of the Civil Rights Act of 1968," *Johnson v. Mississippi*, 421 U.S. 213, 215 (1975).[1]

---

[1] In full, § 1443 provides:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Although the Notice referred to both subsections of § 1443, the record and Mr. Murphy's appellate filings suggest that only § 1443(1) is relevant to removal in this case. Therefore, we, like the district court, focus on § 1443(1).

Mr. Murphy asserted removal was proper under § 1442(a)(3) because he "is a Federal court-officer, who was in the performance of his official-duties, while protecting the Presidential-Motorcade during the Marshall-fire tour of Boulder, Colorado," in January and February of 2022. R. at 4–5. And he asserted removal also was proper under § 1443 because the Colorado state court was denying his constitutional rights to due process, a speedy trial, and equal protection. He requested an evidentiary hearing to determine if removal would be permitted.

The district court entered an order under 28 U.S.C. § 1455(b)(4) summarily remanding the case to state court. Section 1455 is titled "Procedure for removal of criminal prosecutions," and § 1455(b)(4) provides: "The United States district court in which such notice [of removal] is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."

The district court provided two alternative grounds for summary remand. First, the court determined Mr. Murphy failed to comply with § 1455(a), which requires that a notice of removal must "contain[] a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon [the defendant]," § 1455(a).[2] Second, the court concluded Mr. Murphy articulated no basis for removal under either § 1442(a)(3) or § 1443(1). As to

---

[2] Mr. Murphy did not provide copies of any documents served on him in state court or attach anything to his Notice.

3

§ 1442(a)(3), the court found Mr. Murphy's criminal case was unrelated to any alleged duties performed as a federal court officer in January 2022 in service of the Presidential motorcade. Turning to § 1443(1), the court concluded Mr. Murphy's factual allegations did not meet either prong of the test for § 1443(1) removal: (1) that he had been denied rights due to his race, as required under *Johnson*, 421 U.S. at 219; or (2) that he could not enforce his federal rights in the state criminal proceeding because of "a pervasive and explicit state or federal law," *id.* at 220 (internal quotation marks omitted). Thus, the district court ordered summary remand.

Mr. Murphy filed a timely appeal from the remand order.

## II.  APPELLATE JURISDICTION[3]

We must begin by addressing our appellate jurisdiction. "The authority of appellate courts to review district-court orders remanding removed cases to state court is substantially limited by statute." *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 229 (2007). One such statute is 28 U.S.C. § 1447(d), which generally serves as a jurisdictional bar to appellate review of remand orders unless the removal was pursuant to either § 1442 or § 1443:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a

---

[3] We ordered Mr. Murphy to address any legal basis for this court's jurisdiction over his appeal. He has responded, and we have considered his response. Because Mr. Murphy asserts he is a licensed attorney, we decline to construe his pro se filings liberally. *See Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001). Even if we did, it would not alter the outcome of this appeal.

4

case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.

§ 1447(d).[4]

But "[d]espite the seemingly unqualified language of the first clause of § 1447(d), its prohibition on appellate review applies only if the district court remands on grounds permitted by § 1447(c)." *Miller v. Lambeth*, 443 F.3d 757, 759 (10th Cir. 2006) (internal quotation marks omitted).  The statute provides:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

§ 1447(c).  The "two categories of remand" within § 1447(d)'s "prohibition on appellate review . . . are remands for lack of subject matter jurisdiction and for defects in removal procedure." *Miller*, 443 F.3d at 759.  "Thus, we have jurisdiction to review a remand order only if (1) the remand was for a reason other than lack of subject matter jurisdiction or a defect in the removal procedure or (2) the 'except' clause of § 1447(d) gives us jurisdiction." *Id.*

We need not decide whether the district court's first ground for remand involves defects in removal procedure that would fall within § 1447(d)'s bar to

---

[4] Although § 1447(d) does not contain the word "jurisdiction," the Supreme Court and this court have viewed the section as a jurisdictional limitation.  *See, e.g.*, *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 636 (2009) (framing issue concerning § 1447(d)'s bar to appellate review as involving "jurisdiction"); *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1092 (10th Cir. 2017) (same).

appellate review.[5]  Instead, we conclude Mr. Murphy removed the case "pursuant to" § 1442 and § 1443 and therefore § 1447(d)'s "except" clause gives us jurisdiction to review both grounds for remand.

In *BP P.L.C. v. Mayor & City Council of Baltimore*, 593 U.S. ___, 141 S. Ct. 1532, 1536 (2021) ("*BP*"), the Supreme Court considered the following question: "Does 28 U.S.C. § 1447(d) permit a court of appeals to review any issue in a district court order remanding a case to state court where the defendant premised removal in part on the federal officer removal statute, § 1442, or the civil rights removal statute, § 1443?"  To answer that question, the Court first examined whether the defendants had removed the case under § 1442.[6]  The Court observed that "[t]o remove a case, a defendant must comply with . . . § 1446," which "requires the defendant to provide affected parties and courts with a notice stating its grounds for removal."[7]  141 S. Ct.

_____

[5] *Compare, e.g.*, § 1455(b)(4) (directing district court to "promptly" review notice of removal of criminal case and to order "summary remand" if "removal should not be permitted") *with Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 197 (4th Cir. 2008) (holding, in civil case, that "[b]ecause § 1447(c) provides that a remand based on a defect other than lack of subject matter jurisdiction must be effected by granting a timely filed motion, an order granting an untimely motion or entered without a motion at all does not fall within the scope of § 1447(c) and therefore is not barred from review by § 1447(d)").

[6] The defendants in *BP* had relied only on § 1442, but it is clear from the question presented and the Court's discussion that the Court's analysis and conclusions also apply to removals based on § 1443.  *See* 141 S. Ct. at 1538 (noting § 1447(d) extends appellate review to "orders . . . remanding a 'case . . . removed pursuant to section 1442 or 1443'" (quoting § 1447(d)).

[7] Section 1446 provides the procedure for removal of a civil case.  Compliance with § 1446 effects removal and prevents the state court from proceeding further.  *See BP*, 141 S. Ct. at 1539 ("[I]t is generally the defendant's actions under § 1446

6

at 1538.  The Court then concluded that "[t]o remove a case 'pursuant to' § 1442 or

§ 1443 . . . just means that a defendant's notice of removal must assert the case is

removable 'in accordance with or by reason of" one of those provisions."  *Id.* (first

quoting § 1447(d), then quoting Black's Law Dictionary (rev. 4th ed. 1968)).  "[T]he

defendants' notice of removal did just that by citing § 1442 as one of its grounds for

removal."  *Id.*  Turning back to the question presented, the Court concluded that once

the notice of removal cited § 1442 as a ground for removal "and the district court

ordered the case remanded to state court, the whole of its order became reviewable on

appeal."  *Id.*  The Court further explained that even the frivolous assertion of § 1442

or § 1443 as a ground for removal is sufficient to fall within § 1447(d)'s "except"

clause.  *See id.* at 1542 (rejecting argument that frivolous addition of § 1442 or

§ 1443 to other grounds for removal would "invite gamesmanship . . . with an eye to

ensuring appellate review down the line if the case is remanded").

     *BP* is consistent with the approach we have long taken to determine whether a

case is removed pursuant to § 1442 or § 1443.  In *Colorado v. Lopez*, 919 F.2d 131,

---

that 'effect the removal,'" and "[o]nce a defendant complies with § 1446, a state
court may not proceed 'further unless and until the case is remanded." (quoting
§ 1446(d))).  In contrast, under § 1455's procedural rules for removal of criminal
prosecutions, state proceedings may continue up until judgment:  "The filing of a
notice of removal of a criminal prosecution shall not prevent the State court . . . from
proceeding further, except that a judgment of conviction shall not be entered unless
the prosecution is first remanded."  § 1455(b)(3).  We see no reason to distinguish
*BP* based on this difference.  Section 1455(b)(4) and (5) clearly require the federal
district court to remand the case if warranted, which indicates that removal has
occurred (at least for § 1447(d) purposes) notwithstanding continued proceedings in
state court.

132 (10th Cir. 1990), we relied on § 1447(d) to exercise jurisdiction to review the merits of a district court's order remanding a criminal prosecution to state court because the defendant had "filed a petition for removal pursuant to . . . § 1443."[8] We did so again recently in *Lopez v. Cantex Health Care Centers II, LLC*, No. 23-2038, 2023 WL 7321637 (10th Cir. Nov. 7, 2023) (unpublished), relying on *BP*. *See id.* at *2 ("Because Appellants asserted § 1442 as a ground for removal, we have jurisdiction to review the remand order."). We take that same approach here. In his Notice, Mr. Murphy stated he "submits this Notice of Removal from the [state court] per 28 U.S.C. §§ 1442, 1443." R. at 4. We conclude that was a sufficient assertion that his case was removable "in accordance with or by reason of" those statutes, *BP*, 141 S. Ct. at 1538 (internal quotation marks omitted). We therefore have jurisdiction over "the whole of [the district court's] order" and proceed to the merits. *Id.*[9]

---

[8] Although not always citing *Lopez*, we have on many occasions applied its test, which implicitly deems that removal is "pursuant to" § 1442 or § 1443 if the defendant simply asserts either statute as a ground for removal. *See, e.g.*, *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 994 (10th Cir. 2000) (noting only that the defendant had "cit[ed] [§ 1443(1)] as his basis for removal"); *Colorado v. Carrillo*, 644 F. App'x 826, 826 (10th Cir. 2016) ("Because Carrillo expressly relied on § 1443 in his notice of removal, we possess jurisdiction.").

[9] In *Miller v. Lambeth*, decided in 2006, we took a different approach to resolving our jurisdiction, concluding that "a bald citation to § 1443" was insufficient and instead "review[ed] the record to determine whether [the removing party had] alleged a basis for removal under § 1443." 443 F.3d at 760. When faced with conflicting precedent, we should follow the earlier case. *See United States v. Suggs*, 998 F.3d 1125, 1137 (10th Cir. 2021) ("In cases of conflicting circuit precedent our court follows earlier, settled precedent over a subsequent deviation therefrom." (internal quotation marks omitted)). *Lopez* constitutes such earlier settled precedent.

### III.  MERITS

Having established our jurisdiction under § 1447(d) to review both grounds for remand the district court relied on, we may resolve this appeal on waiver principles. Mr. Murphy has not challenged the district court's first ground for remand—that he failed to comply with § 1455(a)'s procedural requirements.  He has therefore waived appellate review of that ground.  *See Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("Issues not raised in the opening brief are deemed abandoned or waived." (internal quotation marks omitted)).  And because the § 1455(a) ground for remand was an alternative and adequate ground, Mr. Murphy's waiver of any challenge to it means he necessarily loses on appeal.  *See Shook v. Bd. of Cnty. Comm'rs*, 543 F.3d 597, 613 n.7 (10th Cir. 2008) ("[W]here a district court's disposition rests on alternative and adequate grounds, a party who, in challenging that disposition, only argues that one alternative is erroneous necessarily loses because the second alternative stands as an independent and adequate basis, regardless of the correctness of the first alternative.").

Finally, Mr. Murphy alternatively requests a writ of mandamus to challenge the remand order.  But mandamus is not available to obtain appellate review of a remand order even where § 1447(d)'s general prohibition on appellate review applies. *See In re Stone Container Corp.*, 360 F.3d 1216, 1218–19 (10th Cir. 2004) (rejecting request for review of remand order by way of mandamus rather than appeal because "[a] remand order terminates the litigation in federal court and therefore . . . is appealable as a 'final decision' under 28 U.S.C. § 1291—*unless § 1447(d) forecloses*

9

*appeal*." (emphasis added) (internal quotation marks omitted)); *id.* at 1220 ("[A] remand order is always final and may be reviewed by appeal when it may be reviewed at all.").

## IV.  CONCLUSION

We affirm the district court's Order For Summary Remand.  We grant Mr. Murphy's motion to proceed on appeal without prepayment of costs or fees.  We deny his Emergency Motion to Seal Case Records and All Files.

Entered for the Court


Veronica S. Rossman
Circuit Judge