**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**April 29, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

HENRY J. WINN; LINDA I. WINN,

     Plaintiffs - Appellees,

v.

AUGUST WAKAT,

     Defendant - Appellant,

and

POEBOY FLEMING AUTO SALVAGE,
INC.; JOHN LEE WAKAT; JOHN DOE;
JANE DOE; GLENN I. PATRICK;
WAKAT FOUNDATION, INC.; LAMAR
CENTRAL OUTDOOR, LLC;
LINDMARK ACQUISITION, LLC;
PLAINVIEW SALVAGE, INC.;
WAGONER COUNTY TREASURER;
WAGONER COUNTY BOARD OF
COUNTY COMMISSIONERS,

     Defendants.

_____

AUGUST WAKAT,

     Plaintiff - Appellant,

and

POEBOY FLEMING AUTO SALVAGE,
INC.,

     Plaintiff,

No. 25-5094
(D.C. No. 4:25-CV-00206-JDR-JFJ)
(N.D. Okla.)

v.

HENRY WINN,

     Defendant - Appellee,

and

CITY OF TULSA; FAIR OAKS
TOWNSHIP; JOE ROBSON; ANN
LANDRITH TRUST; LAMAR
ADVERTISING CO.,

     Defendants.

No. 25-5095
(D.C. No. 4:25-CV-00201-JDR-SH)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

In these consolidated appeals, August Wakat, proceeding pro se,[1] appeals from

the district court's orders remanding a foreclosure action against him to Oklahoma

state court and his criminal cases to Texas state court.  We affirm the appeals in part

and dismiss them in part.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of these appeals.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The cases are therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Wakat represents himself, we construe his filings liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

2

## I. BACKGROUND

These cases stem from an Oklahoma real estate transaction in which Mr. Wakat purchased a tract of land from Henry and Linda Winn.  Mr. Wakat later defaulted on the mortgage, and the Winns filed a foreclosure action against him in the District Court of Wagoner County, Oklahoma.  Mr. Wakat then removed the case to federal district court.  In a separate action, Mr. Wakat removed two criminal cases against him from the District Court of Houston County, Texas to federal district court and moved to join Mr. Winn as a party.

In both matters, Mr. Wakat asserted two statutory bases for removal—28 U.S.C. § 1441(a) and 28 U.S.C. § 1442(a)(1).  Section 1441(a) authorizes removal of civil actions filed in state court over which the United States district courts have original jurisdiction.  Section 1442(a)(1) authorizes removal of civil actions or criminal prosecutions filed in state court against the United States or its agencies or officers "for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue."  Mr. Wakat asserted removal was proper in both matters because he is "a Special Agent of the U.S. Department of the Treasury."  R. at 7 (No. 25-5094); R. at 6 (No. 25-5095).

The district court remanded the Oklahoma foreclosure action to the state court from which it was removed.  The court first explained that removal under § 1441(a) was improper because Mr. Wakat failed to assert diversity jurisdiction, and there was

no federal-question jurisdiction because the foreclosure petition relied solely on state law.  The court next concluded that removal under § 1442(a)(1) was improper because Mr. Wakat "failed to provide any facts to indicate that he is a representative of the United States."  R. at 355 (No. 25-5094).  The court further determined that removal was procedurally improper because Mr. Wakat's notice of removal did not contain a statement of consent from the other defendants, as required under *Chicago, Rock Island & Pacific Railway Co. v. Martin*, 178 U.S. 245, 248 (1900).  Ultimately, the district court found that removal of the case was "patently unreasonable" and granted Mr. Winn's request for costs and fees.  R. at 357 (No. 25-5094).

In the other case, the district court determined that it lacked subject-matter jurisdiction over Mr. Wakat's Texas state criminal proceedings and therefore remanded them to the state court from which they were removed.  The court explained that removal under § 1441(a) was improper because the statute is inapplicable to criminal actions, and removal under § 1442(a)(1) was improper because Mr. Wakat is not a representative of the United States.  The court granted Mr. Winn's request for costs and fees, finding that "Mr. Wakat had no objectively reasonable basis for removal of his Houston County criminal cases to [federal district] [c]ourt or to add Mr. Winn as a party to the removal."  R. at 84 (No. 25-5095) (internal quotation marks omitted).

## II.  APPELLATE JURISDICTION

As a threshold matter, the Winns argue that we lack jurisdiction to review these appeals.  We disagree.

4

"The authority of appellate courts to review district-court orders remanding removed cases to state court is substantially limited by statute." *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 229 (2007).  One such statute is 28 U.S.C. § 1447(d), which generally serves as a jurisdictional bar to appellate review of remand orders unless the removal was pursuant to either § 1442 or 28 U.S.C. § 1443, which allows removal of civil actions and criminal prosecutions in circumstances not alleged in these appeals.[2]  And if the remand order was predicated on either of the grounds specified in § 1447(c)—lack of subject-matter jurisdiction or a defect in the removal procedure—it is insulated from appellate review.  *Miller v. Lambeth*, 443 F.3d 757, 759 (10th Cir. 2006).  Thus, we only have jurisdiction to review a remand order "if (1) the remand was for a reason other than lack of subject matter jurisdiction or a defect in the removal procedure," or (2) the removal was pursuant to either § 1442 or § 1443.  *Id.*; § 1447(d).

"To remove a case 'pursuant to' § 1442 or § 1443 . . . just means that a defendant's notice of removal must assert the case is removable 'in accordance with or by reason of' one of those provisions." *BP P.L.C. v. Mayor & City Council of Balt.*, 593 U.S. 230, 238 (2021) (first quoting § 1447(d), then quoting Black's Law Dictionary (rev. 4th ed. 1968)).  Therefore, if the notice of removal cites § 1442 or

---

[2] Section 1447(d) does not contain the word "jurisdiction," but the Supreme Court and this court have viewed § 1447(d) as a jurisdictional limitation.  *See, e.g.*, *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 636 (2009) (framing issue concerning § 1447(d)'s bar to appellate review as involving "jurisdiction"); *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1092 (10th Cir. 2017) (same).

§ 1443 as a ground for removal and the district court orders the case remanded to state court, the district court's remand order is reviewable on appeal. *Id.* This is true even for a frivolous assertion of § 1442 or § 1443 as grounds for removal. *See id.* at 246 (rejecting argument that frivolous addition of § 1442 or § 1443 to other grounds for removal would "invite gamesmanship . . . with an eye to ensuring appellate review down the line if the case is remanded"). *BP P.L.C.* is consistent with the approach we have long taken to determine whether a case is removed pursuant to § 1442 or § 1443.[3]

Here, in his notice of removal for the foreclosure case, Mr. Wakat stated he removed the case "pursuant to 28 U.S.C. §§ 1442(a)(1) and 1441(a)." R. at 7 (No. 25-5094). In his notice of removal for the Texas state criminal proceedings, Mr. Wakat stated he removed the proceedings "under 28 U.S.C. §§ 1442(a)(1) and 1441(a)." R. at 6 (25-5095). We conclude that Mr. Wakat sufficiently asserted that both the foreclosure case and the criminal proceedings were removable "in accordance with or by reason of" § 1442. *BP P.L.C.*, 593 U.S. at 238 (internal quotation marks omitted). We therefore have jurisdiction under § 1447(d) to review both remand orders. *Id.*

---

[3] *See, e.g.*, *Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990) (relying on § 1447(d) to exercise jurisdiction to review merits of district court order remanding criminal prosecution because defendant "filed a petition for removal pursuant to . . . § 1443"); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 994 (10th Cir. 2000) (exercising jurisdiction where defendant had merely "cit[ed] [§ 1443(1)] as his basis for removal"); *Lopez v. Cantex Health Care Ctrs. II, LLC*, No. 23-2038, 2023 WL 7321637 at *2 (10th Cir. Nov. 7, 2023) (unpublished) ("Because Appellants asserted § 1442 as a ground for removal, we have jurisdiction to review the remand order.").

## III. MERITS

We begin with the appeal of the removed foreclosure action. Mr. Wakat argues that the parties are diverse and therefore the district court had diversity jurisdiction. But because Mr. Wakat did not assert diversity jurisdiction in district court and does not argue for plain error on appeal, we decline to consider the argument. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130–31 (10th Cir. 2011) (holding that when a party forfeits an argument before the district court, "the failure to argue for plain error and its application on appeal . . . surely marks the end of the road" for that argument on appeal); *Tompkins v. U.S. Dep't of Veterans Affs.*, 16 F.4th 733, 735 n.1 (10th Cir. 2021) ("[O]ur duty to consider unargued obstacles to subject matter jurisdiction does not affect our discretion to decline to consider waived arguments that might have supported such jurisdiction." (internal quotation marks omitted)).

Mr. Wakat has not challenged the district court's other ground for remand— that removal under § 1442(a)(1) was improper because he failed to provide any facts to show that he is a representative of the United States. He has therefore waived appellate review of that ground. *See Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("Issues not raised in the opening brief are deemed abandoned or waived." (internal quotation marks omitted)). Mr. Wakat likewise failed to challenge the district court's determination that removal was procedurally improper. Thus, he has waived appellate review of that issue, too. *See id.*

Waiver principles also resolve the appeal of the removed criminal prosecutions. The district court determined that removal of those proceedings under § 1441(a) was improper because the statute is inapplicable to criminal actions, and removal under § 1442(a)(1) was improper because Mr. Wakat is not a representative of the United States. Mr. Wakat's opening brief fails to challenge either ground for remand. He has therefore waived appellate review of the order remanding the criminal proceedings. *See id.*

Finally, Mr. Wakat challenges the district court's grant of costs and fees to Mr. Winn. But at the time Mr. Wakat filed his notices of appeal, the district court had not yet determined the amount of costs and fees in either case, so the notices did not confer appellate jurisdiction over those rulings. *See Collins v. Daniels*, 916 F.3d 1302, 1319 (10th Cir. 2019) (explaining that "an appeal from the award of sanctions may not be taken until the amount has been determined" (internal quotation marks omitted)). And although the district court later (in October 2025) determined the amount of the award, Mr. Wakat did not file new or amended notices of appeal from either of those orders.[4] We therefore lack jurisdiction to review the district court's orders awarding costs and fees. *See HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1199 n.8 (10th Cir. 2017) (concluding that this court lacked jurisdiction to consider attorney-fee determination that became final

---

[4] We take judicial notice of the district court's October 2025 rulings. *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (taking judicial notice of a district court document not designated on appeal).

after notice of appeal had been filed because appellant failed to file a "new or amended notice of appeal following" that determination).

## IV.  CONCLUSION

We affirm the district court's order remanding the foreclosure action to the District Court of Wagoner County, Oklahoma.  We likewise affirm the district court's order remanding the criminal proceedings to the District Court of Houston County, Texas.  We dismiss for lack of jurisdiction Mr. Wakat's appeals of the district court's award of costs and fees.  We grant Mr. Wakat's motion to proceed on appeal without prepayment of costs and fees (Dkt. No. 10).  We deny Mr. Wakat's "Motion for Clarification Regarding Appellee Briefing, Rule 31(C) Waiver, Request for Remand and Request for In-Person Oral Argument" (Dkt. No. 45).  We deny as moot Mr. Wakat's "Motion to Confirm Applicability of Automatic Stay and for Temporary Injunctive Relief as to City of Tulsa, Fair Oaks Township, and Related Zoning, Tax, and Annexation Actions" (Dkt. No. 40).

Entered for the Court

Timothy M. Tymkovich
Circuit Judge